UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS A. FERNANDEZ,

      Plaintiff,

vs.

No. 3:21-cv-00845-MMH-JBT

RAYONIER ADVANCED
MATERIALS INC., a Foreign for
Profit Corporation,

      Defendant.

_____/

## DEFENDANT'S MOTION TO STRIKE THE COMPLAINT

Pursuant to Rule 12(f), Federal Rules of Civil Procedure ("Rules(s)"), Defendant Rayonier Advanced Materials Inc. ("RYAM") requests this Court strike the "preamble" on pages 2-3 of Plaintiff's Complaint and Demand for Jury Trial (Doc. 1) ("Complaint"). In support of this Motion, RYAM states,

## BACKGROUND

On August 30, 2021, Plaintiff filed a Complaint alleging interference and retaliation in violation of the Family and Medical Leave Act.[1]  On pages 2-3 of the Complaint, Plaintiff states the following:

> On or before December 31, 2021, Mr. Fernandez anticipates asking the Court for leave to amend his Complaint to commence a claim against James "Jay" L. Posze, Senior Vice President, Human Resources, Rayonier Advanced Materials Inc., *in his capacity as Plan Administrator of the "Rayonier Advanced Materials, Inc. Severance Pay Plan for Salaried*

---

[1] (Doc. 1) Complaint and Demand for Jury Trial (hereinafter, "Complaint").

*Executives,"* (hereafter "Severance Plan"). By its terms, the Severance Plan is purportedly governed by the Employee Retirement Income Security Act ("ERISA"). But Mr. Fernandez's claim against the Severance Plan's Administrator cannot be commenced at this time because he has not yet exhausted his administrative remedies under the terms of the Severance Plan.

Additionally, in the alternative to a potential ERISA claim, Mr. Fernandez anticipates bringing a breach of contract action against RYAM upon proof that the Severance Plan is not a bona fide ERISA plan. (Mr. Fernandez includes this information about his anticipated, potential ERISA claim against the Administrator, and his anticipated, potential breach of contract claim against RYAM, to provide notice to the Court and to Defendant, as a courtesy, and to forestall any later claim by either Defendant that Mr. Fernandez has improperly split his claims.)[2]

The foregoing should be stricken from the Complaint because the preamble is immaterial, impertinent, and has no possible relation to the controversy as currently alleged in the Complaint. As stated by Plaintiff, this information is not related to the current lawsuit but, instead, the purpose of the preamble is to put the Court and RYAM on "notice" regarding potential claims that Plaintiff may make in the future dependent on the outcome of Plaintiff's appeal to the Plan Administrator of RYAM's Severance Pay Plan for Salaried Executives.

## MEMORANDUM OF LAW

Rule 12(f) provides that "on motion made by a party . . . before responding to the pleading . . . [t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). "The Court has broad jurisdiction when considering a motion to strike under this

---

[2] (Doc. 1) Complaint at 2-3.

rule." *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Perry v. Schumacher Group of Louisiana*, No. 2:13-CV-36-FTM-29DNF, 2020 WL 3640536, at *3 (M.D. Fla. July 6, 2020). While motions to strike are disfavored by the courts, it is proper for a court to strike allegations that "have no possible relation to the controversy and may cause prejudice to one of the parties." *Thompson v. Kindred Nursing Centers E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002).

"An allegation is 'impertinent' or 'immaterial' when it is neither responsive nor relevant to the issues involved in the action." *State Farm Mut. Auto. Ins. Co. v. Advantacare of Florida, LLC*, No. 619CV1837ORL41LRH, 2020 WL 2630226, at *11 (M.D. Fla. May 22, 2020). Said another way, "[a]llegations are 'immaterial' where they have no value in developing the issues in a case, and 'impertinent' where [they] are not relevant to the issues involved in the case and which could not be put in issue or be given in evidence between the parties." *Williams v. Lowe's Home Centers, Inc.*, No. 8:04-CV-2351-T-17MAP, 2008 WL 11438317, at *1 (M.D. Fla. Nov. 12, 2008). "Motions to strike are properly granted where the allegations to be stricken have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.*

That is exactly the case here. In the preamble on pages 2 through 3 of the Complaint, Plaintiff alleges wrongdoing by RYAM related to RYAM's Severance Pay Plan that is wholly unrelated to Plaintiff's claims for FMLA interference and

retaliation. Indeed, the preamble describes a *potential* Employee Retirement Income Security Act ("ERISA") or breach of contract claim against RYAM. Claims that Plaintiff *may* bring, at some unknown later date, for breach of contract or violations of ERISA have no relation to the controversy surrounding RYAM's decisions regarding Plaintiff's FMLA leave. Including a "placeholder" in an attempt to reserve future issues is improper under the Rules and should be stricken. *Spellberg v. New York Life Ins. Co.*, No. 2013-cv-691-FtM-29CM, 2014 WL 7219441, at *3 (M.D. Fla. Dec. 17, 2014); *see Longmire v. Allstate Prop. & Casualty Ins. Co.*, No. 6:15-cv-852-Orl-37GJK, 2015 WL 12851536, at *2 (M.D. Fla. Aug. 18, 2015) (holding that a claim that is premature or not yet ripe is due to be dismissed). In sum, the preamble discusses additional, unrelated, alleged wrongdoing by RYAM, which, at best, amounts to an unripe claim, and which should be stricken from the Complaint.

Moreover, the inclusion of the preamble in the Complaint may cause prejudice to RYAM, as Plaintiff admits the claim is not ripe for the Court's review. The preamble alleged other purported wrongdoing by RYAM in an unrelated matter. Moreover, should the claim fail to come to fruition, RYAM would be prejudiced by the inclusion of these allegations in the Complaint. Finally, the allegations of ERISA violations or breach of contract may confuse the issues as Plaintiff's substantive claims in this case relate to violations of the FMLA.

Because the preamble has no possible relation to Plaintiff's allegations of FMLA interference or retaliation and is prejudicial to RYAM, the preamble should be stricken from the Complaint.

{00395506 2 }                                            4

## CONCLUSION

For the foregoing reasons, Defendant Rayonier Advanced Materials Inc. requests this Court strike the preamble which is set forth on pages 2 through 3 of the Complaint.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, the undersigned counsel for RYAM conferred with Plaintiff's counsel via email and via telephone regarding the issues addressed in this Motion and counsel for Plaintiff indicated that he opposes the requested relief. Specifically, counsel for RYAM discussed, via telephone, with counsel for Plaintiff the basis of the Motion, the reasons for the Motion, and the law cited in support of the Motion but did not share a copy of the Motion with counsel for Plaintiff. Counsel for Plaintiff stated that he objects to the relief being sought.

Dated this 14th day of September 2021.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT, P.A.

By: _____

Kelly DeGance
Florida Bar No. 0606022
E-mail: kelly.degance@adblegal.com
Samantha Giudici Berdecia
Florida Bar No. 0058667

{00395506 2 }                           5

E-mail: samantha.giudici@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204
(904) 345-3277 Telephone
(904) 345-3294 Facsimile

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of this filing to counsel of record, Scott Thomas Fortune, Fortune Law Offices, P.A., 814 1st Street North, Suite 100, Jacksonville Beach, Florida 32250 (SFortune@FortuneLegal.com).

ATTORNEY