UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TOMAS A. FERNANDEZ,

    Plaintiff,

v.                                               CASE NO. 3:21-cv-845-MMH-JBT

RAYONIER ADVANCED
MATERIALS, INC., etc.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Strike the Complaint ("Motion") (Doc. 8) and Plaintiff's response thereto ("Response") (Doc. 9). Defendant asks the Court to strike the preamble in Plaintiff's Complaint because it is "immaterial, impertinent, and has no possible relation to the controversy as currently alleged in the Complaint." (Doc. 8 at 2.) For the reasons set forth herein, the Motion is due to be **GRANTED** and the preamble to the Complaint (Doc. 1 at 2–3) is due to be **STRICKEN**.

    **I.**    **Applicable Legal Principles**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Generally, a motion to strike should be granted only if the material to be stricken has no possible relationship to the controversy, may confuse the issues, or

otherwise prejudice a party. *Schmidt v. Life Ins. Co. of North America*, 289 F.R.D. 357, 358 (M.D. Fla. Oct. 2, 2012). However, "[t]he Court has broad jurisdiction when considering a motion to strike under this rule." *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Schmidt*, 289 F.R.D. at 358 (citations and internal quotation marks omitted). An attempt to reserve issues in a pleading is improper and inconsistent with the Federal Rules of Civil Procedure. *See Spellberg v. New York Life Ins. Co.*, No. 2:13-cv-691-FtM-29CM, 2014 WL 7219441, at *2 (M.D. Fla. Dec. 17, 2014). Moreover, generally claims that are premature or not yet ripe are due to be dismissed. *See Longmire v. Allstate Prop. & Casualty Ins. Co.*, No. 6:15-cv-852-Orl-37GJK, 2015 WL 12851536, at *2 (M.D. Fla. Aug. 18, 2015).

**II.  Analysis**

The subject language in the Complaint is as follows:

> On or before December 31, 2021, Mr. Fernandez anticipates asking the Court for leave to amend his Complaint to commence a claim against James "Jay" L. Posze, Senior Vice President, Human Resources, Rayonier Advanced Materials, Inc., *in his capacity as Plan Administrator of the "Rayonier Advanced Materials, Inc. Severance Pay Plan for Salaried Executives,*" (hereafter "Severance Plan"). By its terms, the Severance Plan is purportedly governed by the Employee Retirement Income Security Act ("ERISA"). But Mr. Fernandez's claim against the Severance Plan's Administrator cannot be commenced at this time because he has not yet exhausted his administrative remedies under the terms of the Severance Plan.

> Additionally, in the alternative to a potential ERISA claim, Mr. Fernandez anticipates bringing a breach of contract action against RYAM upon proof that the Severance Plan is not a bona fide ERISA plan. (Mr. Fernandez includes this information about his anticipated, potential ERISA claim against the Administrator, and his anticipated, potential breach of contract claim against RYAM, to provide notice to the Court and to Defendant, as a courtesy, and to forestall any later claim by either Defendant that Mr. Fernandez has improperly split his claims.)

("Preamble") (Doc. 1 at 2–3 (footnote omitted).)

The Preamble is an improper attempt to reserve potential future claims as placeholders. *See, e.g., Spellberg*, 2014 WL 7219441, at *2. It more appropriately belongs in the Case Management Report, and a brief statement of it appears therein. (Doc. 12 at 3.) Therefore, it is due to be stricken.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 8**) is **GRANTED**.

2. **On or before October 29, 2021**, Plaintiff shall file an amended complaint removing the Preamble.

3. In accordance with Federal Rule of Civil Procedure 15(a)(3), Defendant shall respond to the Amended Complaint within 14 days after it is filed.

**DONE AND ORDERED** in Jacksonville, Florida, on October 19, 2021.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record