UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TOMAS A. FERNANDEZ,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　CASE NO. 3:21-cv-845-MMH-JBT

RAYONIER ADVANCED
MATERIALS, INC., etc.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Challenge Plaintiff's Confidentiality Designations and to File Medical Records Cited in Its Motion for Summary Judgment ("Motion") (Doc. 62) and Plaintiff's response thereto ("Response") (Doc. 64).  For the reasons stated herein, the Motion is due to be **DENIED**.  Defendant must file the subject medical records **under seal on or before November 1, 2022**.

    Defendant requests that the Court overrule Plaintiff's designation of his wife's (Ms. Campos') medical records as confidential pursuant to the parties' agreement (Doc. 62-1) and allow Defendant to file on the public docket those records cited in support of its Motion for Summary Judgment (Doc. 60).  (Doc. 62 at 9.)  Defendant notes that the subject records reflect Ms. Campos' treatment by plastic surgeon Dr. Rankin, and argues that they demonstrate that Plaintiff's medical procedure at issue was cosmetic in nature, which is excluded from the

definition of a "serious health condition" within the meaning of the Family and Medical Leave Act ("FMLA").  (*Id.* at 2.)  Defendant further argues that the information contained in Ms. Campos' medical records has already been substantially placed into the record by Plaintiff; therefore, Ms. Campos, a third party, no longer has a legitimate privacy interest in those records.  (*See id*. at 3–9.)  Defendant also argues that sealing the records might impact later proceedings.  (*Id.* at 8.)

Preliminarily, the Court is currently deciding only that Ms. Campos' medical records should not be filed on the public docket.  The Court is not now deciding any other issues raised by the parties, including those pertaining to the substance of either party's substantive motions.  The public has a "common-law right of access to judicial proceedings," which "includes the right to inspect and copy public records and documents."  *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quotations omitted).  "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access."  *Id.*  However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential."  *Id.* at 1246 (quotations omitted) (listing the factors courts typically consider in balancing these interests).

2

The Court finds that Plaintiff has shown good cause for keeping his wife's medical records confidential. This is especially true considering that Ms. Campos is not a party to this litigation and that medical records are routinely regarded as confidential. *See, e.g.,* 42 U.S.C. § 1320d–6 (containing the provisions of the Health Insurance Portability and Accountability Act ("HIPPA") that make it unlawful to disclose individually identifiable health information). The fact that some of Ms. Campos' medical information may already be in the file does not persuade the Court that the entirety of the subject medical records should be on the public docket. Finally, the Court rejects Defendant's conclusory argument that sealing these records "will impact later proceedings." (Doc. 62 at 8.) Defendant does not explain how this might occur, especially given the information already on the docket. Moreover, if that does occur, the Court is free to revisit this Order.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 62**) is **DENIED**. Defendant must file the subject medical records **under seal on or before November 1, 2022**. The subject records shall remain sealed until further order of the Court.

**DONE AND ORDERED** in Jacksonville, Florida on October 25, 2022.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record